**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JACK WILLIAMS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **USAA FEDERAL SAVINGS BANK,** | § | |
| | § | |
| **Defendant.** | § | |

---

## NOTICE OF REMOVAL

---

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant USAA Federal Savings Bank ("Defendant") hereby removes this action from the Justice Court, Precinct 5, Place 1 of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division, and as grounds for removal states as follows:

## I.   STATE COURT ACTION

1.   On March 21, 2022, Plaintiff Jack Williams ("Plaintiff") filed a *Petition: Small Claims Case* ("Petition") in the Justice Court, Precinct 5, Place 1 of Dallas County, Texas styled *Jack Williams v. USAA Federal Savings Bank*, Case No. JS22-20103O (the "State Court Action"). Specifically, Plaintiff alleges that, despite admitting that he defaulted on the debt, USAA FSB is wrongfully reporting an account on his credit report because USAA FSB consolidates and sells debts and is therefore unable to enforce its rights in the debt. Plaintiff further alleges that USAA FSB's attempt to collect these debts and reporting them is deceptive. Plaintiff asserts a variety of claims against Defendant based on a jumble of nonsensical and rambling sovereign citizen-esque type allegations, including: (1) deception; (2) conspiracy to commit fraud; (3) unjust enrichment; (4) undue influence; (5) violations of the Texas Deceptive Trade Practices Act; (6) negligence; (7)

violations of Racketeer Influenced and Corrupt Organizations ("RICO") act; and (8) defamation.

2.      With this Notice of Removal, Defendant removes the State Court Action to this Court based on federal question jurisdiction, as more fully described below.

## II.    PROCEDURAL REQUIREMENTS

3.      This action is properly removed to this Court because the State Court Action is pending within this district and division.  28 U.S.C. §§ 124(a)(1), 1441, 1446(a).

4.      The United States District Court for the Northern District of Texas, Dallas Division, has original jurisdiction over this action based on federal question jurisdiction because Plaintiff asserts claims arising under federal law.

5.      This removal is timely because Defendant was served on April 4, 2022, and the notice of removal is being filed within thirty days of the Defendant being served in the State Court Action.  28 U.S.C. § 1446(b).

6.      Pursuant to 28 U.S.C. § 1446(a) and Northern District of Texas Local Rule CV-81,[1] this Notice of Removal is accompanied by copies of the following materials:

| | |
|---|---|
| **Exhibit A** | Index of Documents Filed in State Court |
| **Exhibit B** | Civil Cover Sheet |
| **Exhibit B-1** | Supplemental Civil Cover Sheet |
| **Exhibit C-1** | Petition: Small Claims Case |
| **Exhibit C-2** | Defendant's Original Answer |

7.      In connection with the filing of this Notice of Removal, Defendant is filing a copy of the Notice of Removal in the Justice Court, Precinct 5, Place 1 of Dallas County, Texas pursuant to 28 U.S.C. § 1446(d).

---

[1] On May 3, 2022, the office of counsel for Defendant contacted the State Court clerk who confirmed that the State Court did not have a docket sheet available for this case.

### III.    FEDERAL QUESTION JURISDICTION

8.    The district courts of the United States have original jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States.  *See* 28 U.S.C. § 1331.  A case may be removed to federal court if it could have been brought in federal court originally.  *See* 28 U.S.C. § 1441; *see also Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). A claim "arises under" federal law when either: (1) the well-pleaded complaint establishes that federal law creates the cause of action; or (2) the Plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law.  *See Singh v. Morris*, 538 F.3d 334, 338 (5th Cir. 2008) (quoting *Franchise Tax Bd. Of Cal. v. Constr. Laborers Vacation Tr. For S. Cal.*, 463 U.S. 1, 27-28 (1983)); *see also Empire HealthChoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006).

9.    Removal of the State Court Action is proper under 28 U.S.C. §§ 1331 and 1441 because it arises under the laws of the United States.  Plaintiff alleges a violation of a federal statutes, in particular, the federal RICO statute, which expressly grants this Court original jurisdiction to hear such claims.  *See* 18 U.S.C. § 1965(a) (any RICO "civil action or proceeding . . . may be instituted in the district court of the United States . . .").  Thus, Plaintiff's right to relief will necessarily depend upon the resolution of federal law.  Accordingly, this Court has federal question jurisdiction.

### IV.    SUPPLEMENTAL JURISDICTION

10.    This Court also has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).  As noted by the Supreme Court, "[s]ection 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have had original jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005); *see also State Nat'l Ins. Co. v. Yates*, 391 F.3d

577, 579 (5th Cir. 2004) (explaining that 28 U.S.C. § 1367 grants the federal courts jurisdiction to hear "claims that do not independently come within the jurisdiction of the district court but form part of the same Article III 'case or controversy'").

11.    It is well established that federal district courts have supplemental jurisdiction over state law claims that share a "common nucleus of operative fact" with federal claims. *Jamal v. Travelers Lloyds of Tex. Ins. Co.*, 97 F. Supp. 2d 800, 805 (S.D. Tex. 2000) (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164-65 (1977)). This principle applies not only to cases originally brought in federal court, but also to those cases removed to federal court. *Id.* at 806. Here, while his claims are unclear, Plaintiff's state law claims arise from the same transactions and share a common nucleus of operative facts with his federal claim in that Plaintiff's claims in this matter are all based on the same alleged wrongful conduct of Defendant relating to Plaintiff's debt. Therefore, supplemental federal jurisdiction exists over Plaintiff's state law claims.

12.    Because this Court has federal question jurisdiction and supplemental federal jurisdiction over Plaintiff's state law claims, removal is proper.

## V.    PRAYER

WHEREFORE, Defendants remove this action from the Justice Court, Precinct 5, Place 1 of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully Submitted,

/s/ *Elizabeth Hayes*
**Marc D. Cabrera**
  State Bar No. 24069453
  mcabrera@polsinelli.com
**Elizabeth Hayes**
  State Bar No. 24069001
  ehayes@polsinelli.com
**POLSINELLI PC**
2950 N. Harwood Street, Suite 2100
Dallas, TX 75201
T: (214) 397-0030
F: (214) 397-0033

**ATTORNEYS FOR DEFENDANTS**

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all counsel of record via the Court's CM/ECF system and/or U.S. certified mail and regular mail pursuant to the Federal Rules of Civil Procedure on this 3rd day of May 2022.

/s/ *Elizabeth Hayes*
Attorney for Defendant